This is a most unusual action for the reason that the defendant never submitted a written appraisal of the properties. The plaintiff did submit a written appraisal. Further, the defendant's appraiser only relied upon a critique of the plaintiff's exhibits, which consisted of an appraisal determined by cost and comparable sales and commercial value of the properties. The defendant's appraiser only made a cursory inspection of all the properties and offered little evidence to substantiate his market value. This court found the defendant's appraiser to be an accredited appraiser, but the court had no advantage of receiving a written appraisal of his own valuation of said properties.
The court has accepted by stipulation counts one and three of the complaint.
MEMORANDUM OF DECISION (COUNT TWO)
MANCINI, STATE TRIAL REFEREE.
The applicant is the owner of property located in Shelton, Connecticut known as 19 Maple Street and claims she was aggrieved by the excessive evaluation in that the assessment was grossly excessive, disproportionate and unlawful. The Board of Tax Review refused to reduce said valuation.
The property in question is a two-family dwelling located on a commercial lot. The 100 percent assessment value on said property is $87,800. The 70 percent actual tax applied by the city assessor's office is $61,640.
The plaintiff's appraiser, Mr. Russo, indicated that the 70 percent value of the property valuation of $87,800 was excessive in the amount of $30,800.
The appraiser for the plaintiff indicated the value of the land is $12,000. The city appraiser utilizing a sales approach for surrounding properties indicated a land value was $39,600. Both plaintiff and the defendant appeared to agree that the land value is the criteria. The appraiser for the plaintiff utilized the figure of $1.50 per square foot. It is this court's opinion that said price utilized by the plaintiff's assessor is inadequate. The city appears to have a more realistic approach in utilizing the sale's approach for this property. CT Page 13446
This court finds that the city valuation is accurate in that the 100 percent valuation is by no means excessive. The court finds for the defendant with costs.
Philip E. Mancini, Jr. State Trial Referee